Case Number **22-15769**

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MARIA C. LUNA,
*Appellant*,

versus

CALIFORNIA DEPARTMENT OF CORRECTIONS AND
REHABILITATION; CALIFORNIA MEDICAL FACILITY,
*Appellees*.

On Appeal from the Judgment of Dismissal by the United States
District Court for the Northern District of California, San Francisco
Case No. 3:20-cv-08097-EMC
The Honorable Edward M. Chen, Presiding

REPLY BRIEF

Mario Valenzuela, Esq. (*pro bono counsel*)
THE ADVOCATES' LAW FIRM, P.C.
2225 E Street, Suite 201
Bakersfield, California 93301-3837
Telephone: 661-377-2154
Facsimile: 888-222-5864
Email: Mario@theadvocateslaw.com
*Attorney for Appellant*

1

# Table of Contents

I. INTRODUCTION ................................................................................................3

II. ARGUMENT ....................................................................................................4

    A. IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THAT THERE WAS NO EVIDENCE THAT A SPECIAL MASTER WOULD PREVENT THE TRANSFER OF INMATE, OR THAT THE SPECIAL MASTER'S PERMISSION WAS EVEN NEEDED. ................................................................................4

    B. IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT INMATE'S IEX INCIDENT WAS A PRODUCT OF DELIBERATE ACTION AND NOT A DIRECT MENTAL DISORDER. ....................................................................5

    C. IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THAT IT INAPPROPRIATELY PROVIDED THE DISTRICT COURT A 2021 POLICY THAT WAS NOT OPERATIVE DURING FEBRUARY 9, 2018, IEX INCIDENT. ..............6

    D. IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THERE IS SIMPLY NO RECORD THAT APPELLANT WAS PROVIDED REASONABLE OR EFFECTIVE ACCOMMODATIONS. ..........................................................9

III. NOTICE OF ERRATA ...................................................................................10

IV. CONCLUSION ..............................................................................................12

    CERTIFICATE OF COMPLIANCE ........................................................13

    CERTIFICATE OF SERVICE ..................................................................14

I. **INTRODUCTION**

Appellees California Department of Corrections and Rehabilitation ("CDCR") and the California Medical Facility in Vacaville ("CMF") (collectively hereinafter "Appellee") has cleared the smoke with its Answering Brief by showing that the District Court relied on inaccurate assertions and facts in reaching the decision that there are no genuine issues of material fact when it ruled in favor of Appellee on the summary judgment motion. The Answering Brief fails to counter Appellant's arguments that Appellee was not restricted by a Special Master, and even if Appellee was, there is no record that Appellee sought to get an opinion of the Special Master to determine whether or not to transfer Inmate. There is no record that mental disorder was the basis of the February 9, 2018, Indecent Exposure Incident ("IEX Incident"). There is no record that the actions Appellee took against Inmate were designed to prevent a hostile environment. Appellee's actions against the IEX Incident were required as to Inmate, namely, punishment but such actions did not have any realistic impact on preventing a hostile environment to Appellant. Appellee did not follow the correct policies. Appellant was not provided a reasonable accommodation. Lastly, the

District Court should have allowed the case to proceed to trial as a factual question existed as to whether Appellee measures were reasonable for a nurse with 14 years of experience in a prison environment. The District Court should not have analyzed Appellant 'reasonableness' with the lens geared to summary judgment motions.

## II. <u>ARGUMENT</u>

A. **<u>IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THAT THERE WAS NO EVIDENCE THAT A SPECIAL MASTER WOULD PREVENT THE TRANSFER OF INMATE, OR THAT THE SPECIAL MASTER'S PERMISSION WAS EVEN NEEDED.</u>**

In two points asserted in Appellee's summary judgment motion, namely, that its mental health services were under the supervision of a Special Master; and that transferring Inmate elsewhere would go against the Special Master determinations. The District Court considered these points and stated that "CDCR has a duty to protect inmates' right to medical care under the Eighth Amendment and relevant case law" citing the relevant cases upon which the Special Master was formed. The District Court relied upon a claim that somehow the determinations

4

made by a Special Master prevented the movement of Inmate such that he would lose medical care. Because this was not accurate, this was a material fact in dispute. In fact, Appellee did not take reasonable steps to prevent a hostile environment or to offer reasonable accommodations to Appellant.

B. **IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT INMATE'S IEX INCIDENT WAS A PRODUCT OF DELIBERATE ACTION AND NOT A DIRECT MENTAL DISORDER.**

In Appellee's summary judgment motion, it argued that the Special Master has established precedent on the manner in which inmates must be treated for the IEX Incident, and because of this, Appellee could not transfer Inmate to another facility because it was required to "treat significant disability/dysfunctionality in an individual diagnosed with or suspected of having a mental disorder" connected to public masturbation. AER at Vol. 1, 215-216. Appellee provided no evidence, and if so, the evidence was disputed and amounted to a material dispute. There was no evidence that a clinician made a determination that the IEX Incident was a product of mental disorder. Commentary to mental disorder by

5

non-clinicians is not a finding of mental disorder. In fact, statements made by Inmate pointed to an intentional act, in part, because Inmate feared life after prison.

The representations by Appellee of mental disorder for failing to transfer Inmate to a different facility, or even investigating whether transfer was appropriate, relied on a clinician report that does not exist. Here too the District Court was led to believe there was no material fact in dispute when in fact there was. At the very minimum, there is a dispute as to whether Inmate was subject to a mental disorder during the IEX Incident.

C.  **IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THAT IT INAPPROPRIATELY PROVIDED THE DISTRICT COURT A 2021 POLICY THAT WAS NOT OPERATIVE DURING FEBRUARY 9, 2018, IEX INCIDENT.**

It is undisputed that the IEX Incident committed by Inmate occurred on February 9, 2018. 2-ER-103:106. As part of that IEX Incident, Appellant completed a form entitled "Employee Report of Sexual Misconduct" with the same date. 2-ER-161. Appellee hangs its hat on this

6

fact to somehow transcend that throughout the process Appellee complied with its own policies. The signing by Appellant of the Employee Report of Sexual Misconduct form on February 9, 2018, is just a snapshot of one moment and does not equate to Appellee acting in compliance with its own policies.

Representations to the District Court that Appellee was compliant with its own policies based on this one snapshot in time – the February 9, 2018, signed form - caused the District Court to overlook the fact that Appellee was relying on the January 2021 Inmate Sexual Misconduct Reduction Plan [3-ER-320:329.] – a policy that was not operative during February 9, 2018, IEX Incident. Though not part of the appellate record, Appellant did attach the "Inmate Sexual Misconduct Reduction Plan, January 2017, Plan # 59" to Appellant's Motion to Accept Late Filing of Opening Brief. See Dkt. 20.

The District Court in deciding whether there were no material facts in dispute relied upon the January 2021 Inmate Sexual Misconduct Reduction Plan as it weighed facts and legal argument - the inapplicability of the January 2021 Inmate Sexual Misconduct Reduction

Plan to the February 9, 2018, IEX Incident in, and of itself, places material facts in dispute.

To illustrate the importance the January 2021 Inmate Sexual Misconduct Reduction Plan had on the District Court when it ruled in favor of Appellee on summary judgment, we must consider the Inmate Sexual Misconduct Reduction Plan, January 2017, Plan # 59, particularly the following provisions at paragraphs h and i:

> h.) **Alternate Criteria for Exhibitionism Diagnosis:** The Exhibitionism diagnosis requires the inmate-patient experiences "fantasies, sexual urges, or behaviors involving the exposure of one's genitals to an unsuspecting stranger." An inmate who meets all criteria for the diagnosis of Exhibitionism, except the victim was not an "unsuspecting stranger" but was a staff member or inmate who did not consent to or encourage the behavior, must be referred for treatment of Exhibitionism. A diagnosis of Exhibitionism is not required for inmates who meet the alternate criteria.
>
> i.) Inmate-patients meeting the clinical criteria for Exhibitionism shall be transferred to one of the following locations, based upon the identified custody criteria.
>
> I. <u>California State Prison, Sacramento (CSP-SAC) - PSU</u>
>    - Inmates currently serving Security Housing Unit (SHU) terms and who are at the Enhanced Outpatient Program (EOP) level of care.
>    - Inmates on ASU status with pending SHU terms at their current location and who are at the EOP level of care.
>
> II. <u>California State Prison, Corcoran (CSP-COR) SHU</u>
>    - Inmates currently serving SHU terms and who are at the Correctional Clinical Case Management System (CCCMS) level of care.

| APPROVED BY WARDEN : ROBERT W. FOX | PAGE: 9 OF 13 |
|---|---|

8

Could it be that the District Court ruled for Appellee because it was NOT told that Exhibitionisms, like Inmate, "shall" be transferred to at least two other facilities when Appellee pointed to the January 2021 Inmate Sexual Misconduct Reduction Plan? You bet you.

But, of course, the Inmate Sexual Misconduct Reduction Plan, January 2017, Plan # 59, was and is not part of the appellate record. This argument only illustrates why the January 2021 Inmate Sexual Misconduct Reduction Plan the District Court considered led to an unjust ruling in favor of Appellee. Absent the erroneous reliance on the January 2021 Inmate Sexual Misconduct Reduction Plan, material facts were in dispute and summary judgment should not have been granted.

D. **IN APPELLEE'S ANSWERING BRIEF, APPELLEE DID NOT CHALLENGE THE FACT THERE IS SIMPLY NO RECORD THAT APPELLANT WAS PROVIDED REASONABLE OR EFFECTIVE ACCOMMODATIONS.**

There is nothing in the record that shows a reasonable or effective accommodation was offered to Appellant. Appellee's reference to Appellant's preference to work at CMF because the facility is close to her home or fit her schedule is irrelevant, particularly, because no

9

accommodation was made that Appellee can hang its hat on and say, 'Appellant rejected our accommodation(s) offer in order to be close to home or fit her schedule.'

Appellee's assertion that Appellant agreed that policies were being followed is misleading. Appellant was asked on February 9, 2018, if policies were being followed – the day of the IEX Incident – based on one form she signed.

### III. <u>NOTICE OF ERRATA</u>

With apology to the Court and counsel for Appellee, Appellant makes the following corrections to its Opening Brief:

Correction to appropriate Volumes.

In the <u>Statement of Basis of Appellate Jurisdiction</u> section, references to '2-ER-...' should be '1-ER-...'

Beginning at <u>Procedural History of the Case</u> through the end of the Opening Brief, references to '1-ER-...' should be '2-ER-...' and references to '2-ER-...' should be '3-ER-...'

<u>Page 22 of the Opening Brief – sentence states</u>:

The evidence actually points to a deliberate and knowing action by appellant to ensure a longer incarceration because he feared life outside the prison.

Corrected to state (bold added):

The evidence actually points to a deliberate and knowing action by **Inmate** to ensure a longer incarceration because he feared life outside the prison.

Page 24 of the Opening Brief – sentence states:

There is no record of the applicable Inmate Sexual Misconduct Reduction Plan covering the period of February 2028 through November 2018.

Corrected to state (bold added):

There is no record of the applicable Inmate Sexual Misconduct Reduction Plan covering the period of February **2018** through November 2018.

///

///

///

## IV. <u>**CONCLUSION**</u>

For the foregoing reasons and as set forth in Appellant's Opening Brief, Appellant respectfully requests that this Court reverse the decision of the District Court because Appellee did not meet its burden, disputed material facts exist, and it was improper for the District Court to be the factfinder at the summary judgment stage in this case.

September 14, 2023                    THE ADVOCATES' LAW FIRM, PC

                                      s/ Mario Valenzuela
                                      MARIO VALENZUELA
                                      Pro Bono Attorney for Appellant
                                      Mario C. Luna

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies under Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 32-1, that the attached opening brief is proportionally spaced, has a type face of 14 points or more and, pursuant to the word-count feature of the word processing program used to prepare this brief, contains 1.885 words and 11 pages, exclusive of the matters that may be omitted under Rule 32(a)(7)(B)(iii).

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system or ACMS system. I further certify that all participants in the case are registered CM/ECF or ACMS users, and that service will be accomplished by the appellate CM/ECF or ACMS system.

                                                THE ADVOCATES' LAW FIRM, PC

                                                s/ Mario Valenzuela
                                                Mario Valenzuela, Esq., Pro Bono Counsel for Appellant Maria C. Luna